UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>    Defendants. | No. 2:19-cv-2602 CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.    <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 5.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Plaintiff alleges that defendants California Health Care Facility (CHCF), Church, Nasir, Barnalis, and Does 1 and 2 violated his rights under the Eighth Amendment and state tort law. (ECF No. 1.) Specifically, he claims that between March 2018 and October 2019, Church and Nasir, who are both doctors, delayed and denied a referral and appointment with an outside orthopedist and neurologist to treat and correct an improperly healed fracture in his spine. He claims the fall took place in March 2018, he was given a back brace in August 2018, and an x-ray in September 2018 revealed multiple compression fractures. (Id. at 4.) He then refers the court to the exhibits attached to the complaint. (Id.) Plaintiff next claims that defendant Bernalis, a registered nurse, and defendants Does 1 and 2, both certified nursing assistants, refused to assist him in retrieving condiments or food items from his room locker which led to plaintiff attempting to do so by himself and falling out of his wheelchair, causing the injuries Church and Nasir failed to treat. (Id. at 5.) He then once again refers the court to his attached exhibits. (Id.)

IV.   Failure to State a Claim

A. CHCF

Plaintiff has identified CHCF as a defendant, though he makes no claims against the

3

prison. (ECF No. 1 at 1.) Regardless, any claims against the prison are barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). "Will [v. Michigan Department of State Police, 491 U.S. 58 (1989),] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, because CHCF is an arm of the state, any claims against the prison are barred and this defendant must be dismissed.

### B. Eighth Amendment

To maintain an Eighth Amendment claim based on inadequate medical treatment, plaintiff must show "'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is a very strict standard. It is more than "mere negligence." Farmer v. Brennan, 511 U.S. 825, 835, (1994). Even civil recklessness—failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known"—is insufficient to establish an Eighth Amendment claim. Id. at 836-37 & n.5 (citation omitted). A prison official will be found liable under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).

A difference of opinion between an inmate and prison medical personnel—or between

medical professionals—regarding the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

### i. Church and Nasir

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff's allegations that Church and Nasir were deliberately indifferent to his serious medical needs fail to state a claim for relief because he makes only conclusory assertions that they denied and delayed treatment and then refers the court to three hundred pages of exhibits. The court will not sift through plaintiff's exhibits in an attempt to determine whether or not he has any viable claims against defendants. If plaintiff wants to state a claim against these defendants, he must explain what they each did or did not do that violated his rights.

### ii. Bernalis and Does 1 and 2

Although plaintiff alleges that Bernalis and Does 1 and 2 were deliberately indifferent to his serious medical needs, he fails to identify how their failure to retrieve food from his locker for him represents a failure to provide medical treatment. To the extent plaintiff is attempting to make a general claim of failure to protect, there are insufficient facts to show that any of these defendants would have reason to believe that their refusal to retrieve food from plaintiff's locker would put him at risk of serious harm. To the extent any such facts may be contained in the exhibits, as noted above, the court will not pour over plaintiff's voluminous exhibits in an attempt to determine whether he has a viable claim. It is plaintiff's responsibility to sufficiently allege facts from which the court can find a violation of plaintiff's rights may have occurred.

C. State Tort Law

Professional negligence is defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury." Cal. Civ. Code § 340.5(2). The medical provider must be licensed to provide the services at issue and the services must not be "within any restriction imposed by the licensing agency or licensed hospital." Id. "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Burgess v. Superior Court, 2 Cal. 4th 1064, 1077 (Cal. 1992) (citation and internal quotation marks omitted). To assess whether a medical professional has potentially committed professional negligence, the court looks at whether said professional deviated from their requisite duty of care. "[T]he standard for professionals is articulated in terms of exercising the knowledge, skill and care ordinarily possessed and employed by members of the profession in good standing." Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal. 4th 992, 998 (Cal. 1994) (citation and internal quotation marks omitted).

It appears that plaintiff is attempting to allege claims of professional negligence against defendants. However, for the same reason plaintiff's Eighth Amendment claims fail, his negligence claims fail as well: he has not alleged facts showing that his injuries were due to defendants' conduct.

Furthermore, under California law, the timely presentation of a claim under the Government Claims Act is a condition precedent to maintaining an action against the state and therefore is an element of the cause of action that must be pled in the complaint. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004).

A plaintiff seeking to bring a lawsuit for money or damages against the state[1] for injury

---

[1] "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the

must first submit a claim to the California Victim Compensation and Government Claims Board ("Claims Board") within six months after accrual of the cause of action. Cal. Gov't Code §§ 905.2; 911.2. Claims "relating to any other cause of action" must be brought within one year of accrual of the cause of action. Cal. Gov't Code § 911.2(a). A claim against a public employee[2] or former public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment as a public employee. Cal. Gov't Code § 950. However, a cause of action against the employee cannot be maintained if an action for the injury would be barred against the employing public entity for failure to comply with the notice of claim requirements. Cal. Gov't Code § 950.2. In other words, a plaintiff must submit a timely notice of claim to the Claims Board before he can bring suit against a state employee.

Plaintiff alleges that defendants were negligent, but he has not alleged compliance with the Government Claims Act. Accordingly, he has failed to sufficiently allege any state law claims.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

---

Controller." Cal. Gov't Code § 900.6.
[2] A "public employee" is an employee of a "public entity," which includes the State. Cal. Gov't Code §§ 811.2, 811.4.

7

his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You have not alleged specific facts showing what each defendant did or did not do to violate your rights or shown that they knew of and disregarded a risk to your health or safety. Simply saying defendants failed to treat you or directing the court to exhibits is not enough to state a claim.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  June 26, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:bark2602.14.new