UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLAM BARKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-2602 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

By order filed June 26, 2020, the complaint was dismissed for failure to state a claim and plaintiff was given thirty days to file an amended complaint. (ECF No. 7.) He was then granted two extensions of time and warned that no further extensions of time would be granted. (ECF Nos. 11, 13.) In giving plaintiff the opportunity to amend the complaint, he was advised of the applicable legal standards and notified that he did not need to cite any case law and should focus on telling the court what each defendant did or did not do that he believed violated his rights. (ECF Nos. 7, 11, 15.) Plaintiff was further warned that failure to file an amended complaint would result in a recommendation that this action be dismissed. (ECF Nos. 7, 15.) The time for filing an amended complaint has now expired, and plaintiff has not filed an amended complaint; instead plaintiff has filed a fourth request for the appointment of counsel. (ECF No. 16.)

////

////

I.     Dismissal for Failure to Follow a Court Order

"District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b) ). The Local Rules of the Eastern District also provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "'dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*.'" Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik, 963 F.2d at 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))). The court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must cut in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that

2

strongly support dismissal here." (citation omitted)).

### A. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). In this case, plaintiff has been given approximately six months to file an amended complaint and rather than attempting to do so has instead filed multiple requests for appointment of counsel. There is no indication that plaintiff has even attempted to draft and file an amended complaint in the six months since he was first ordered to do so. The public interest in efficient resolution of cases has thus been thwarted by plaintiff's persistent refusal to attempt to amend his complaint.

### B. The Court's Need to Manage Its Docket

Plaintiff's continued failure to try to amend the complaint and follow the court's instructions, and to instead simply seek extensions of time and appointment of counsel, has already consumed limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country, and instead of attempting to follow the court's instructions for amending the complaint, plaintiff has instead filed multiple, duplicative requests for counsel and shows no indication that he intends to try and amend the complaint himself. Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### C. Risk of Prejudice to the Defendant

The risk of prejudice to defendants also weighs more heavily towards dismissal. "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.2d at 131 (citation omitted). The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)). This is because

"[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)). Here, plaintiff has repeatedly failed to obey the court's orders regarding the amendment of his complaint, resulting in the lack of an operative complaint. His repeated failure to comply with the court's instructions creates undue delay, prejudices defendants, and overburdens the court.

### D.  Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### E.  Availability and Effectiveness of Lesser Sanctions

The court finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case, and plaintiff was warned on several occasions that failure file an amended complaint could result in dismissal of this action. (ECF Nos. 7, 15.) The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson, 779 F.2d at 1424).

Despite being given generous extensions of time to file an amended complaint, plaintiff failed to do so. Furthermore, though plaintiff has continued to claim that he cannot proceed without counsel and that he is not receiving assistance at the prison, his motions for extension of time and appointment of counsel demonstrate that, contrary to his claims, he is able to proceed unassisted to some degree and should be able to at least make an attempt at amending the complaint. Plaintiff's decision to continue requesting counsel while failing to try to amend the complaint on his own demonstrates a willful disregard for this court's orders and the court finds that lesser sanctions would be ineffective and insufficient to address this behavior.

////

////

F.   Conclusion

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend dismissal of this case with prejudice.

II.   Motion for Counsel

Plaintiff has filed a fourth motion for appointment of counsel.  (ECF No. 16.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's request for counsel merely reiterates the grounds for appointment that have previously been found insufficient and it is now being recommended that this case be dismissed. Plaintiff has therefore failed to demonstrate the existence of extraordinary circumstances warranting the appointment of counsel and the request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for the appointment of counsel (ECF No. 16) is denied.

2.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed for failure to comply with a court order.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 30, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:bark2602.fta.f&r